IN THE UNITED STATES BANKRUPTCY COURT
FOR THE STATE OF NEBRASKA

| | | |
|---|---|---|
| In the Matter of: | ) | Case No. BK23-80623 |
| | ) | |
| DANNIE L. BENNETT, JR. and | ) | Chapter 13 |
| MARIA J. BENNETT, | ) | |
| | ) | |
| Debtors. | ) | |

## Order Denying Objection to Exemptions

HEA Corporation ("HEA") and Jordan and Renee Mellican object to the exemptions claimed by the debtors Dannie and Maria Bennett. Douglas Quinn appeared for HEA and the Mellicans. Joel Lonowski appeared for the debtors. The exemptions were properly claimed under state and federal law. The objection is overruled.

## Findings of Fact

The Mellicans own HEA. In August 2016 HEA purchased the assets of Super Clean Job Site LLC ("Super Clean"). Super Clean, in which the debtors have some interest, provided commercial cleaning services. Three years after the sale, in November 2019, HEA filed a lawsuit regarding the sale, asserting claims for breach of contract and fraud. The alleged fraud concerns representations regarding the assets, liabilities, contracts, and operations of Super Clean. The lawsuit was to be tried starting August 14, 2023. Three days before the trial was to begin, the debtors filed their bankruptcy case.

In their petition the debtors claimed exemptions including $4,700 in a checking account and $3,000 in the membership units of Synergy Renue, LLC. Synergy Renue was formed in 2022 and started operations in April 2023. Its only assets are small hand tools and cleaning materials. The basis for these two exemptions is Neb. Rev. Stat. § 25-1552(1), which allows debtors to exempt personal property except wages.

In their objection, HEA and the Mellicans objected to all the exemptions claimed by the debtors, stating three grounds:

    1. Creditors object to the claims of exemption to the extent they understate the value of the property claimed exempt.

    2. Creditors state the exemptions claimed by the Debtors are not in accordance with the terms and provisions of 11 U.S.C. § 522 and applicable law including, but not limited to Nebraska state exemptions.

> 3. The exemptions in questions [sic] are claimed as part of a scheme of fraud by the Debtors.

(Doc. #29). During the hearing, the court received two affidavits of Mr. Mellican in support of the objection. In the affidavits, Mr. Mellican addresses only the exemptions claimed in the checking account and Synergy Renue, LLC. He states:

> 6. I object to the claims of exemptions on page 2 of Schedule C as follows: as to the claim of the checking account at the Bank of the West n/k/a BMO Bank, N.A. for $4,700.00, due to fact I have no knowledge as to the source of the funds claimed exempt therein, but I believe the funds may have originated from purchase fund paid by myself, HEA Corporation and/or Renee Mellican to the Debtors that was the subject of breach of contract and fraudulent conveyance actions pending [sic] the Douglas County District Court. Likewise,
>
> 7. I object to the claimed exemption Synergy Renue, LLC, as I do not know whether the claimed amount of the exemption is correct, the source of the funds or other property used to acquire the interest in the property or other information regarding this claimed exemption.

(Doc. #63). Mr. Mellican argues in his supplemental affidavit:

> 12. Considering that the Debtors' schedules claim that Debtor Dannie Bennett, Jr. derives $11,000 of monthly business income from assets valued by Debtors' [sic] at a total of $23,740.00, discovery is necessary to determine the value of assets which Debtors claim are exempt.

(Doc. #73).

## Conclusions of Law

"Statutory exemption laws are founded upon public policy. Each state has a right, as well as a duty, to protect an unfortunate head of a family from having all his property taken from him and he be forced to become a charge upon the taxpayers." *In re Quintero*, 2012 WL 3638504, at *1 (Bankr. D. Neb. Aug. 22, 2012) (citing *State ex rel. Sorensen v. Bank of Crab Orchard (In re Application of Laflin)*, 239 N.W. 836 (1932)). "[T]he starting point with all exemptions is clear - the specific exemptions are to be liberally construed in favor of the person claiming the exemption." *In re Welborne*, 63 B.R. 23, 26 (Bankr. D. Neb. 1986) (citing Richard F. Duncan, *Through the Trapdoor Darkly: Nebraska Exemption Policy and the Bankruptcy Reform Act of 1978*, 60 Neb. L. Rev. 219, 267 (1981)).

The basis for the exemptions asserted in this case is Neb. Rev. Stat. § 25-1552, which provides:

> Each natural person residing in this state shall have exempt from forced sale on execution the sum of five thousand dollars in personal property, except wages.

*Id*. The amount of the exemption is adjusted for inflation "every fifth year beginning with the year 2023." *Id*. § 25-1552(2). "This exemption is basically a "wildcard" exemption, and the only apparent limitation on the nature of the personalty of the debtor to which the … exemption may be applied is that expressly stated in the statute, *i.e.*, the exemption may not be applied to wages." *Matter of Welborne*, 63 B.R. 23, 26 (Bankr. D. Neb. 1986).

The objection as to the potentially incorrect value of the property is overruled for exemption purposes. If any item of property is worth less than the amount the debtors claimed, the excess exemption claimed was not necessary. If any item of property is worth more than the debtors claimed, the excess value remains available for the bankruptcy estate. *See Schwab v. Reilly*, 560 U.S. 770, 794–95, 130 S. Ct. 2652, 2669 (2010) (holding no objection is required to "preserve the estate's right to retain any value …. beyond the value of the exempt interest."). If the property is worth materially more than claimed or if the debtor did not schedule assets, the remedy is an objection to or revocation of discharge. *See* 11 U.S.C. § 727.

Further discovery as to the value of the property for exemption purposes is not necessary. This is not a case where the debtors are attempting to put the scheduled assets outside the bankruptcy estate's reach by claiming an unstated "full value". *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 642, 112 S. Ct. 1644, 1647 (1992). The debtors stated an actual dollar value for each asset. The cases HEA and the Mellicans cite in their brief as support precede *Schwab* and *Taylor* and are not dispositive. This order does not prevent HEA or the Mellicans from conducting discovery as to property values, which may be relevant for plan confirmation purposes. *See* 11 U.S.C. § 1325(a)(4) (requiring the value of property distributed under the plan not be less than would be paid in a hypothetical Chapter 7 liquidation).

Likewise, the objection the exemptions "are not in accordance with the terms and provisions" of § 522 or Nebraska state law is overruled. To support the objection, HEA and the Mellicans "suggest" in their brief, "some of the exemptions are in excess of the statutory amounts". But the amounts claimed are plainly and squarely within the statutory amounts. No other factual or legal basis is stated to support the objection. There is no assertion the debtors are not entitled to use Nebraska exemptions. There is no assertion the items of property on which the exemptions are claimed are not the type of property to which each claimed exemption applies. The second objection wholly lacks both legal and factual merit.

The final objection is the exemptions are part of a "scheme of fraud". This objection is overruled for several reasons. First, a "scheme of fraud" is not an objection to Nebraska's wildcard exemption under federal or state law. As to federal law, a "scheme of fraud" is not a stated objection under the Bankruptcy Code. "Federal courts may apply state law to disallow state-created exemptions, but federal law itself provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code." *Law v. Siegel*, 571 U.S. 415, 416, 134 S. Ct. 1188, 1191 (2014). As explained by the United States Supreme Court,

> [Section] 522 does not give courts discretion to grant or withhold exemptions based on whatever considerations they deem appropriate. Rather, the statute exhaustively specifies the criteria that will render property exempt…. A debtor need not invoke an exemption to which the statute entitles him; but if he does, the court may not refuse to honor the exemption absent a valid statutory basis for doing so.

*Id.* at 423–24, 134 S. Ct. at 188.

The fraud provisions in 11 U.S.C. § 522 are fraud in connection with educational funds, 11 U.S.C. 522(c)(4), fraud in connection with a homestead exemption, 11 U.S.C. 522(o)(4), and fraud in a fiduciary capacity or in connection with registered securities, 11 U.S.C. § 522(q)(B)(ii). Certain fraud may be the basis to deny a discharge or the dischargeability of a debt. *See* 11 U.S.C. § 523; 11 U.S.C. § 727. But a generic "scheme of fraud" is not a valid objection to Nebraska's wild card exemption under federal law.

A "scheme of fraud" has not been found to be a valid objection to the wildcard exemption under Nebraska state law either. Despite the court's request, no direct legal authority was provided to support the objection. The court will not create such an objection. "It is inappropriate for this Court to engraft upon the Nebraska exemption statutes any exception based upon the intent of the debtor." *Matter of Armstrong*, 93 B.R. 197, 202 (Bankr. D. Neb. 1988).

A second reason to deny the fraud objection is HEA and the Mellicans did not state a factual basis for their objection in their motion, as required by the Federal Rules and the court's Local Rules. *See* Neb. R. Bankr. P. 9013-1(A) ("A motion and any resistance must state the law and facts that support it."). Generically alleging a "scheme of fraud" is insufficient because fraud must be pled with particularity under Rule 9. *See* Fed. R. Civ. P. 9 ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). The particularity requirement applies to contested matters including objections to exemptions. *See* Fed. R. Bankr. 7009 (incorporating Rule 9 into the bankruptcy rules); Fed. R. Bankr. P. 9014(c) (applying Bankruptcy Rule 7009 to contested matters).

Third, the evidence at the hearing is sufficient to sustain the claims of exemption. The debtors' schedules indicate monthly *net* income of $4,552.12. The amount in the bank account and the value of the limited assets of the LLC closely approximate the scheduled monthly disposable income of the debtors.

The request for additional discovery is also denied. In addition to the foregoing, HEA and the Mellicans did not file a motion to continue the hearing and did not seek to enlarge the time to file an objection to exemptions. *See* Fed. R. Bank. P. 9006(b)(3); Fed. R. Bankr. P. 4003(b)(1) ("The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension."). Even if they had, HEA and the Mellicans did not provide sufficient evidence to conclude there is a reasonable basis to conduct further discovery. Under Rule 11, a party certifies "allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Bankr. P. 7011(b).

The lack of knowledge of the source of the property and the facts alleged in the lawsuit are not sufficient under the circumstances. The hearing on the objection to exemptions occurred four months after the case was filed and one month after the meeting of creditors. The bankruptcy case was filed seven years after HEA purchased Super Clean's assets, approximately four years after HEA filed the state court lawsuit, and three days before the state court trial was to start. If the bank account, hand tools, and cleaning materials were the spoils of fraudulently obtained proceeds, the HEA and the Mellicans had ample time to discover it or to present sufficient probative evidence to support that additional discovery was necessary.

## Conclusion

The objection to exemptions (Doc. #29) is denied.

Dated: January 24, 2024

BY THE COURT:

/s/Brian S. Kruse

Brian S. Kruse
Bankruptcy Judge